IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00262-REB-KLM

AMICA MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

WHOIS PRIVACY PROTECTION SERVICE, INC.,
INSURANCE-WEBSITE.COM, and
DARRIN BAGNUOLO, doing business as Darba Online, Darba Domains and Darba
Enterprises, Inc.

Defendants.

BANKRATE, INC.,

Interested Party.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Amica Mutual Insurance Company's Motion
to Compel Supplemental Production by Bankrate, Inc.** [Docket No. 1; Filed January 31,
2012] (the "Motion").  Bankrate filed a Response to the Motion [#11; Filed February 21,
2012] and Plaintiff filed a Reply [#13; Filed March 5, 2012].  The Motion is thus ripe for
resolution.  For the reasons set forth below, the Motion is **GRANTED in part and DENIED
in part.**

**I.  Background**

The dispute before the Court relates to a subpoena to produce documents served
by Plaintiff on Bankrate in November of 2011. [#1 at 1-3]. Plaintiff served the subpoena in

1

conjunction with a lawsuit filed in the United States District Court for the District of Rhode Island asserting trademark infringement, trademark dilution and unfair competition as a result of Defendants' alleged unauthorized use of Plaintiff's trademarks.  In the Motion, Plaintiff alleges that as early as 2008, Defendants created "infringing websites" that gather information concerning Plaintiff's customers and potential customers, and that Defendants sell this information to a subsidiary of Bankrate known as "InsureMe." [#1 at 2].

Defendants moved to dismiss the Rhode Island lawsuit for lack of personal jurisdiction or, in the alternative, to transfer it to the District of Nevada. [#1 at 2].   The Rhode Island Court allowed Plaintiff to conduct jurisdictional discovery in an effort to "adduce evidence of specific facts" in support of a *prima facie* jurisdictional showing.   In doing so, the Court referred to a decision from the Northern District of California involving one of the same defendants as in the present case, *American Automobile Ass'n, Inc. v. Darba Enterprises, Inc.*, No. C 09-00510 SI, 2009 WL 1066506 (N. D. Cal. Apr. 21, 2009). The Court noted that *AAA v. Darba Enterprises* set forth "similar jurisdictional facts [which] may be found if [Plaintiff] is allowed to conduct some discovery." [#1 at 1-2]. The Rhode Island Court ordered that Plaintiff could conduct such discovery for sixty days,[1] after which time the Court would conduct a further hearing on Defendants' motion.  *Id.*  Plaintiff then "issued" the subpoena to Bankrate's registered agent in Colorado, and this dispute followed.

## II. Analysis

---

[1] The Rhode Island docket indicates that the Court thereafter extended the time period for jurisdictional discovery until March 19, 2012. [Docket No. 43; Filed Feb. 3, 2012].  The docket does not reflect further extensions of time; nor does it show that the hearing on Defendants' motion to dismiss has occurred. Accordingly, this Court assumes that the present dispute is not moot.

Aside from its reference to the *AAA v. Darba Enterprises* case (hereinafter the "*AAA* case"), the Rhode Island Court's order permitting jurisdictional discovery does not delineate the scope of such discovery or mention the type of "facts" which Plaintiff must adduce to make a *prima facie* showing that the Rhode Island court has personal jurisdiction over the Defendants in the underlying case.  In its pleadings, Plaintiff cites a single case for the proposition that information regarding sales leads is relevant to the jurisdictional inquiry, but otherwise conclusively asserts that the other documents subpoenaed "also inform[] the jurisdictional inquiry."  *Reply* [#13] at 3; *Motion* [#1] at 5-6.  In its Response, Bankrate merely asserts that it "segregated the collected documents and only produced those which could conceivably be related to the pending jurisdictional question."  *Response* [#11] at 3.  Aside from another reference to its apparent perception that the subpoena is overbroad, Bankrate makes no meaningful argument or showing regarding the alleged irrelevance of the documents sought to the jurisdictional issue.  Instead, Bankrate argues that (1) it did not waive objections to the subpoena by failing to make them prior to the date specified because the discovery sought is "premature;" and (2) Plaintiff's Motion is "premature" because, among other things, the Rhode Island Court has not allowed Plaintiff to engage in "non-jurisdictional discovery."  *Id.* at 4.

This begs the question, of course.  The issue here is whether the subpoena properly concerns jurisdictional discovery or not, and whether Bankrate should therefore be compelled to respond to it in full.  Bald assertions that the subpoena does or does not seek documents that will inform the jurisdictional analysis are unhelpful.

In the *AAA* case, the California Court adjudicated a similar Motion to Dismiss for lack of personal jurisdiction filed by Defendants Darba Enterprises, Inc. and Darren [sic]

Bagnuolo.   Like the case at bar, Plaintiff alleged trademark infringement related to

Defendants' operation of websites that purport to match consumers seeking auto insurance

quotes with third-party insurers.   The Court denied Defendants' motion to dismiss the case

for lack of personal jurisdiction.   Applying California law, the Court held that Defendants'

websites "were interactive and commercial . . . [and] [b]y maintaining a commercial website,

defendant has reached out beyond his home state of Nevada to avail himself of the

benefits of the California forum."   2009 WL 1066506, at *4-5 (internal quotation marks

omitted).[2]   In support of this conclusion, the Court made reference to the following specific

facts:

- users of Defendant's websites were brought to a web-page where they were instructed to enter their names and contact information to get a free rate quote;

- the websites provided no information to consumers unless and until they entered their contact information;

- Defendant's website required users to enter their zip codes to get "insurance quotes;"

- Defendant sold the user contact information to a third party;

- Defendant profited when California users entered their contact information into his website, even though he did not sell anything to them directly;

- one of the companies named in the part of Defendant's website that pairs consumers looking for insurance with insurance companies is InsureMe. InsureMe pays third parties like Defendant for contact information of consumers who are looking for insurance;

- as of March 31, 2009, InsureMe paid third parties between $5 and $11.19 per auto insurance lead;

---

[2] Notably, despite the application of California law in the *AAA* case, the legal test that will be applied by the Rhode Island Court to assess personal jurisdiction over Defendants is virtually indistinguishable. *See, e.g.*, *Emissive Energy Corp. v. SPA-Simrad, Inc.*, 788 F. Supp. 2d 40, 43-44 (D.R.I. 2011).

- in response to filling out the form on Defendant's website, Plaintiff's attorney received 21 email messages, several phone calls and a few pieces of postal mail offering him quotes or additional information about insurance companies;

- Defendant used pay-per-click advertisements to ensure that its name would come up when internet users searched for "AAA insurance;" and

- Plaintiff received at least two complaints from California residents who had mistakenly entered their information into Defendant's website thinking it was an AAA website.

*Id.* at *3-5.

As set forth above, the jurisdictional facts relied on in the *AAA* case relate to (1) Defendant's use of internet advertising ; (2) operation of Defendant's website; (3) sales of leads from Defendant's website; and (4) local complaints relating to Defendant's website. Correspondingly, the information sought in Plaintiff's subpoena to Bankrate relates to the third category of jurisdictional facts relied upon in the *AAA* case: sales of leads from Defendant's website. Specifically, Plaintiff seeks "any and all agreements between [Defendant] Darba and InsureMe; any and all correspondence by and between Darba and InsureMe; any and all payments made and/or commissions paid by InsureMe to Darba; and any and all documents concerning leads provided by and/or consumer information received from Darba." [#1-3 at 7]. In response to the subpoena, Bankrate produced only three pages of information "concerning leads generated from January through November, 2011." [#1 at 4; #1-6 at 3-5].

The Court finds that the subpoena primarily seeks documents reasonably related to sales of leads from Defendant's website. The existence of agreements between InsureMe and Darba is relevant to the issue of whether Darba agreed to sell leads to InsureMe and the sales terms. Documents relating to payments made or commissions

paid by InsureMe to Darba also demonstrate the existence of sales and Defendant's revenues from sales.  Documents concerning leads are directly relevant to the jurisdictional facts relied on in the *AAA* case.  However, correspondence between Darba and InsureMe covers a potentially unlimited number of subjects, and is therefore not sufficiently narrowly-tailored to the jurisdictional inquiry.  Thus, with the exception of the correspondence subpoenaed by Plaintiff, the documents are within the scope of the jurisdictional discovery permitted by the Rhode Island Court.

Turning to Bankrate's objections to the subpoena, the Court finds that they have been waived. Fed. R. Civ. P. 45(c)(2)(B) requires that objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  There is no dispute that Bankrate did not object to the subpoena within the time period mandated by Rule 45.  "Courts generally have held that failure to object in writing to a subpoena duces tecum within the time specified in this rule constitutes a waiver of objections." *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2002 WL 1822425, at *1 (D. Kan. July 23, 2002) (collecting cases).  Moreover, Bankrate has not demonstrated unusual circumstances or good cause for its failure to object.  *Id.*

Even if the Court were to consider Bankrate's objections, the Court finds that they lack merit.  As discussed above, the documents sought in the subpoena, with the exception of correspondence, relate directly to the establishment of personal jurisdiction over Defendants because they will prove or disprove whether Defendants sold Rhode Island customer leads to InsureMe. Thus, the subpoena was not premature in seeking "non-jurisdictional discovery."

Accordingly, the Motion is **GRANTED in part and DENIED in part.**  It is granted as

6

to Plaintiff's request that Bankrate produce the agreements and documents regarding payments made or commissions paid and sales leads specified in the subpoena.  It is denied as to the request for correspondence.

IT IS HEREBY **ORDERED** that Bankrate shall produce documents pursuant to the subpoena **on or before May 21, 2012.**

Dated:  May 11, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge